### COMMONWEALTH vs. JOHN ROCK.

Since the *St.* of 1855, *c.* 152, as well as before, the jury in a criminal case are to be governed by the instructions of the court in matter of law.

One indicted on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors, cannot except to a refusal of the presiding judge to rule that, if that statute provides fo a trial contrary to the course and usage of the common law, it is unconstitutional and no verdict should be found under it.

INDICTMENT on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors. Trial in the court of common pleas before *Bishop*, J., who allowed this bill of exceptions:

" The defendant's counsel requested the court to instruct the jury that they (the jury) are not in their decision upon the law necessarily to be governed by the opinion of the judge presiding at the trial; and further that this law under which this indictment is found, if it provides for a trial contrary to the course and usage of the common law, is unconstitutional and no verdict is to be found under it.

" But the court declined so to instruct the jury; and instructed them on the first point, that in their deliberations they were to be governed by the law as stated to them by the court, and that it was their province to apply the law so stated to the facts proved on the trial, and to decide upon the whole case whether the offence charged was or was not proved beyond a reasonable doubt.

" Upon the second point the court declined to give any instructions to the jury upon the ground that the instructions prayed for were upon a hypothetical case, and not upon any point legitimately raised during the trial; and ruled that all the proceedings at the trial of this case were in accordance with the course and usage of the common law.

" To which several rulings the defendant, being found guilty excepted."

*G. F. Choate*, (*E. W. Kimball* with him,) for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

SHAW, C. J. Various exceptions are taken to the decisions of the judge at the trial.

1. The first is to his instruction that the jury are to be governed by the direction of the court in matters of law. This was right. A majority of the court, upon great deliberation, have decided, either that the jury law of 1855 did not change the law as it previously stood, but was merely declaratory; or, if it could be so construed as to change the law, and make the jury judges of the law, it was unconstitutional and void; and in either case, the direction of the judge was right. *Commonwealth* v. *Anthes*, 5 Gray, 185. *Commonwealth* v. *Martin*, 5 Gray, 303, note.

2. The defendant's counsel further requested the judge to instruct the jury, that the law under which this indictment was found, if it provides for a trial contrary to the course and usage of the common law, is unconstitutional and no verdict is to be found under it.

Upon this point the court declined to give any instruction to the jury, on the ground that the instructions prayed for were upon a hypothetical case and not upon any point legitimately raised in the case during the trial, and that the proceedings were according to the course of the common law.

We think this right. The case supposed was purely an abstract question, not raised by any facts, or any evidence tending to prove facts, admitted or rejected, and therefore the judge was not legally called upon to give any direction or opinion upon it.

The prosecution against the defendant was for being a common seller. This law and this mode of trial have long been in use, and are according to the course of the common law.

It is not necessary to consider whether other parts of the statute known as the liquor law are or are not constitutional; if part of a statute is good, it will be carried into effect, though other parts, not connected with it, are unconstitutional. *Fisher* v. *McGirr*, 1 Gray, 21. *Warren* v. *Mayor & Aldermen of Charlestown*, 2 Gray, 99.      *Exceptions overruled.*